A. H. BULL STEAMSHIP CO., Bull-Insular Line, Inc., Baltimore-Insular Line, Inc., Libelants,

v.

UNITED STATES of America, Respondent.

DICHMANN, WRIGHT & PUGH, Inc., Libelant,

v.

UNITED STATES of America, Respondent.

A. L. BURBANK & COMPANY, Limited, Libelant,

v.

UNITED STATES of America, Respondent.

STOCKARD STEAMSHIP CORPORATION, Libelant,

v.

UNITED STATES of America, Respondent.

NORTH ATLANTIC AND GULF STEAMSHIP CO., Libelant,

v.

UNITED STATES of America, Respondent (two cases).

POLARUS STEAMSHIP CO., Inc., Libelant,

v.

UNITED STATES of America, Respondent.

NEW YORK AND CUBA MAIL STEAMSHIP COMPANY, Libelant,

v.

UNITED STATES of America, Respondent.

T. J. STEVENSON & CO., Inc., Libelant,

v.

UNITED STATES of America, Respondent.

LUCKENBACH STEAMSHIP COMPANY, Inc., Libelant,

v.

UNITED STATES of America, Respondent.

AMERICAN–FOREIGN STEAMSHIP CORPORATION, Libelant,

v.

UNITED STATES of America, Respondent.

United States District Court
S. D. New York.

May 11, 1956.

Order Affirmed July 18, 1956.
See 235 F.2d 1.

Kirlin, Campbell & Keating and Kominers & Fort, Washington, D. C., for libelant A. H. Bull S. S. Co. et al.

Edwin Longcope, New York City, for libelant Dichmann, Wright & Pugh, Inc.

Lester M. Levin, New York City, for libelants A. L. Burbank & Co., Ltd., Polarus S. S. Co., Inc., T. J. Stevenson & Co., Inc.

Zock, Petrie, Sheneman & Reid, for libelant Stockard S. S. Corp.

Burlingham, Hupper & Kennedy, New York City, and Kominers & Fort, Washington, D. C., for libelants North Atlantic & Gulf S. S. Co., Luckenbach S. S. Co., Inc.

Graubard & Moskovitz, New York City, for libelant New York & Cuba Mail S. S. Co.

Arthur M. Becker, Washington, D. C., and Foley, James & Conran, New York City, for libelant American-Foreign S. S. Corp.

J. Franklin Fort and John Cunningham, Washington, D. C., for all libelants except American-Foreign S. S. Corp.

Paul W. Williams, U. S. Atty., New York City, Benjamin H. Berman, Attorney Department of Justice, and Leavenworth Colby, Chief, Admiralty & Shipping Section, Department of Justice, Washington, D. C., for United States of America.

PALMIERI, District Judge.

These libels present substantially similar questions. They have been brought to recover alleged overpayment of charter hire made to the Maritime Commission. The termination of the charters and the redelivery of the vessels in question by the libelants to the Maritime Commission took place in all cases more than two years before the suits were brought. The United States has filed exceptions to the libels as well as exceptive allegations on the ground that the suits are barred by lapse of time since they were not commenced within two years after the causes of action arose pursuant to Section 5 of the Suits in Admiralty Act, 46 U.S.C. § 745, 46 U.S.C.A. § 745.

The issues presented here are substantially the same as those which were decided adversely to the libelants by the Court of Appeals for this circuit in two recent cases. Sword Line, Inc., v. United States, 2 Cir., 1956, 230 F.2d 75; Id., 2 Cir., 1955, 228 F.2d 344; American Eastern Corp. v. United States, 2 Cir., 231 F.2d 664, affirming, D.C.S.D.N.Y. 1955, 133 F.Supp. 11. The impact of these decisions is that the causes of action, if any, accruing to the libelants with respect to any payments made to the Maritime Commission arose upon redelivery of the vessels. The position consistently taken by the Government in these cases and justified by the authorities has been that any payments made after redelivery of the vessels (the charters being thereby terminated) must be deemed to have been made voluntarily regardless of any accompanying protests. See Union Pacific R. R. v. Dodge County, 1879, 98 U.S. 541, 25 L.Ed. 196; Cunard Steamship Co. v. Elting, 2 Cir., 1938, 97 F.2d 373. Therefore, even though the dates of the libelants' alleged overpayments are not stated in their libels, it is clear that those for which recovery can be maintained must have antedated the redelivery dates, as subsequent payments are not recoverable. And since all of the redelivery dates here were more than two years prior to the suits in question, any suits for payments made prior to these redelivery dates are barred by the statute indicated.[1]

After the argument of the respondent's motions in support of the ex-

---

1. The actual redelivery dates are set forth in the libels in the American-Foreign Steamship Corporation and Luckenbach Steamship Company cases; in the remaining cases they are set forth in the Government's exceptive allegations. Their accuracy has not been disputed.

ceptions, the libelants in all the cases except American-Foreign Steamship Corporation v. United States moved for leave to amend the libels in substantially three respects so as to allege: First, that pursuant to an agreement with the respondent all payments were tentative and subject to a final adjustment by audit; second, that the funds paid were "trust funds" held by the respondent as such for subsequent refund pursuant to an eventual audit by the Maritime Commission; and third, that within two years last past refunds by respondent became due and payable to the libelants. Clearly, the last proposed amendment is nothing more than a legal conclusion and need not be considered. In point of fact, however, this amendment as well as the other two proposed amendments were, in effect, urged in the American Eastern Corp. v. United States case, supra, and were there rejected and held to have failed to impart any validity to the libels. It happens that the counsel for all the libelants here, except American-Foreign Steamship Corporation, were also counsel for American Eastern Corp. in the District Court and in the Court of Appeals. I have compared the amendments urged there and here and they are substantially the same. The only material difference between the proposed amendments which libelants seek to incorporate in the respective libels now before this Court, and the proposed amended libel in American Eastern Corp. v. United States, supra, is that the libelants now propose the following additional allegations:

"* * * The preliminary payments of charter hire made by libelant were deposited as 'unearned moneys' in a trust account and there retained to be refunded after completion of audit. Within two years last past, refunds by respondent became due and payable to libelant pursuant to such agreement."

But the "trust account" argument was urged by counsel for the libelants when they represented American Eastern Corp. before the Court of Appeals and it was clearly rejected by the Court. This point was urged after the argument before the Court of Appeals by letter addressed to the Clerk of that Court and which the Clerk was requested to bring to the attention of the Court. A reply to this letter was submitted to the Court thereafter by the United States on April 10, 1956.

Counsel for the libelants suggested upon the argument that perhaps this point had not been treated with the same degree of thoroughness as might have been the case if the point had been raised in the briefs and argued when the appeal was submitted. I cannot agree. Moreover, I consider the decision of the Court of Appeals in this matter to be binding authority upon me.

Counsel for the libelants suggested upon the argument that perhaps a decision on these motions might be held in abeyance pending possible decisions by the Supreme Court in the American Eastern and Sword Line cases, supra, or in Smith-Johnson Steamship Corp. v. United States, Ct.Cl., 139 F.Supp. 298, involving substantially the same issues. In view of the clear and unequivocal position taken by the Court of Appeals in this matter, I can see no valid basis for postponing my decision.

Accordingly, the motions for leave to amend the libels are denied. The exceptive allegations, and the exceptions in the American-Foreign Steamship Corporation and Luckenbach Steamship Company cases, are sustained. The cross-motion by American Foreign Steamship Corporation to dismiss its own amended libel for lack of jurisdiction of the district court over the subject matter is denied on the authority of the American Eastern and Sword Line cases, supra.

Settle orders on notice.